PER CURIAM:
Petitioner John Ferguson is a death row inmate scheduled to be executed on October 23, 2012. On October 19, 2012, Ferguson filed an emergency motion for a stay of execution and a petition for writ of habeas corpus in the district court. In both his motion and his petition for habeas relief, Ferguson contends that the Florida state courts misapplied United States Supreme Court precedent when they determined that he is competent to be executed.
On October 20, 2012, the district court stayed Ferguson’s execution. The Secre *27 tary of the Florida Department of Corrections promptly filed an emergency motion to vacate the order, alleging that the district court applied the incorrect legal standard when it granted the stay. “The standard of review of a stay of execution issued by a district court is abuse of discretion.” Hauser ex rel. Crawford v. Moore, 228 F.3d 1316, 1321 (11th Cir.2000).
We agree with the Secretary that the district court abused its discretion. “A stay of execution is equitable relief’ which a court may grant “only if the moving party shows that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest.” DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir.2011) (internal quotation marks omitted). The district court did not consider any of these factors when it granted the stay. Instead, after a lengthy and thorough discussion of jurisdiction, the district court summarily concluded that “[a] stay of execution [was] necessary to permit a ‘fair hearing”’ on Ferguson’s claim. Because that statement does not reflect the correct legal standard, the district court abused its discretion when it granted the stay. See Siebert v. Allen, 506 F.3d 1047, 1049 n. 2 (11th Cir.2007) (“[Abuse of discretion] review will lead to reversal ... if the district court applies an incorrect legal standard ....”).
It would also have been an abuse of discretion to hold that Ferguson “has a substantial likelihood of success on the merits” of his claim. DeYoung, 646 F.3d at 1324. The Governor of Florida appointed a commission of three psychiatrists to determine whether Ferguson is competent to be executed, and the commission unanimously found that he is. A state trial court then conducted a full and fair eviden-tiary hearing and found Ferguson competent to be executed. The Florida Supreme Court unanimously affirmed the finding of the trial court. Ferguson has faded to identify clear and convincing evidence upon which the district court could decide that the state court unreasonably determined that Ferguson is competent to be executed. See Rutherford v. Crosby, 385 F.3d 1300, 1306 (11th Cir.2004) (“[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.” (quoting 28 U.S.C. § 2254(d))).
Ferguson also argues that the decision of the Florida Supreme Court was based on an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1), established in Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) and refined in Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), but we disagree. The Florida Supreme Court explained that the standard is “whether there is competent, substantial evidence to support the trial court’s determination that Ferguson’s mental illness does not interfere with his rational understanding of the fact of his pending execution.” And the court affirmed the finding that Ferguson has this rational understanding. Ferguson fails to explain how the Florida Supreme Court unreasonably applied clearly established federal law when it found that Ferguson is competent to be executed.
We VACATE the stay.